THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QUENTIN CRABTREE, individually and on behalf of others similarly situated, | Civil Action No. 16-cv-10706 |
| Plaintiff, | Hon. Charles R. Norgle, Sr. |
| v. | Hon. David Weisman |
| EXPERIAN INFORMATION SOLUTIONS, INC., | |
| Defendant. | |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S**
**MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Experian Information Solutions, Inc. ("Experian"), hereby moves to dismiss Plaintiff Quentin Crabtree's ("Plaintiff") claims against Experian as pleaded in the First Amended Complaint. In support of its motion, Experian submits the accompanying memorandum of law and supporting exhibits, and states as follows:

1. In order for a federal court to exercise subject matter jurisdiction over an action, the court must be satisfied that a plaintiff have standing to sue. Standing requires a showing that a plaintiff has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, (2016), *as revised* (May 24, 2016).

2. Federal courts must satisfy themselves that they maintain jurisdiction throughout the proceedings, and not merely at the outset. Where the factual underpinnings of a plaintiff's claim to standing are challenged, the plaintiff must adduce evidence to show that he has in fact suffered a concrete injury to support standing. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009).

3. As elaborated in Experian's accompanying memorandum of law and supporting exhibits, discovery has made clear that Plaintiff has not suffered any violation of any of his rights or any other cognizable injury.

4. Accordingly, Plaintiff lacks standing to sue, and this Court is now deprived of subject matter jurisdiction.

WHEREFORE, Experian respectfully requests that this Court enter an order dismissing Plaintiff's claims in their entirety with prejudice.

Dated: November 16, 2017  Respectfully submitted,

*s/ Adam W. Wiers*
JONES DAY
Adam W. Wiers
Christopher A. Hall
77 West Wacker, Suite 3500
Chicago, IL 60601.1692
Telephone: +1.312.782.3939
Facsimile: +1.312.782.8585
Emails: awwiers@jonesday.com
        chall@jonesday.com

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the foregoing to be electronically filed with the Clerk of the U.S. District Court for the Northern District of Illinois through the CM/ECF system, which will electronically send notice to counsel for all parties that have appeared in this case.

*s/ Christopher A. Hall.*
Attorney for Defendant
Experian Information Solutions, Inc.