UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| QUENTIN CRABTREE<br>Individually and on behalf of others<br>similarly situated. | )<br>)<br>) | Case No. 1:16-cv-10706 |
| Plaintiff, | )<br>) | Hon. Charles R. Norgle, Sr. |
| v. | )<br>) | Hon. M. David Weisman |
| EXPERIAN INFORMATION SOLUTIONS,<br>INC., | )<br>)<br>)<br>) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO BAR EXPERT TESTIMONY**

Plaintiff, Quentin Crabtree, by and through his undersigned counsel hereby moves this Honorable Court to enter an order barring Defendant's expert Rebecca Kuehn from offering testimony at any trial or hearing in this matter, and in support of which states as follows:

ARGUMENT

Defendant, Experian Information Systems, Inc. ("Experian") has proffered the expert report of Rebecca Kuehn ("Kuehn"), a financial services industry attorney, who opined as to the "reasonableness" of the procedures Experian employed when it supplied the prescreen lists at issue in this case. A true and accurate copy of Kuehn's expert report is being filed under seal as **Exhibit A**.[1]  Kuehn's opinion goes to the central and ultimate legal issue in this matter – namely whether Experian violated § 1691e(a) of the Fair Credit Reporting Act ("FCRA"). *See* 15 U.S.C. § 1681e(a) ("Every consumer reporting agency shall maintain **reasonable procedures** designed to . . . limit the furnishing of consumer reports to the purposes listed under section 604 [§ 1681b] of this title.") (emphasis added).  Kuehn's report is also largely conclusory and fails to explain

---

[1] The entirety of the report was marked "Confidential" by Experian.

1

the basis for, or at the very least the facts and data relied on in reaching, the opinions expressed. Plaintiff therefore urges this Court to exclude Kuehn's opinions as inadmissible legal conclusions or in the alternative as a sanction for Defendant's failure to comply with the expert disclosure requirements set forth in Fed. R. Civ. P. 26(a)(2).

> I. KUEHN'S OPINION IS NOTHING MORE THAN LEGAL CONCLUSION IN THE GUISE OF EXPERT TESTIMONY.

The definitive opinion submitted by Kuehn is "that during the relevant time-period, Experian maintained and implemented reasonable procedures to comply with the permissible purposes restriction contained in Section 1681(b) of the FCRA." *See* Kuehn Dep. Trans. 23:13-18, a true and accurate copy of is being filed provisionally under seal as **Exhibit B**; *see also* Kuehn Expert Report p. 16 ("The procedures Experian designed, implemented, and maintained to limit the furnishing of consumer reports to those with a permissible purpose are . . . otherwise reasonable."), p. 19 ("Experian's reliance on its agent, Tranzact, to monitor and oversee subscribers (and their agents) with respect to the delivery of prescreened lists to subscribers is . . . otherwise reasonable"). While it is also Kuehn's belief that "Experian's policies and procedures are consistent with others in the industry" that purported belief is merely used to support her ultimate conclusion that Experian's policies and procedures are "reasonable" under the statute. *See* Kuehn Dep. Trans. 24:7-10, 39:6-40:13.

While expert testimony that embraces an ultimate issue is not inadmissible solely on that basis under Fed. R. Evid. 704, such testimony need not be admitted under Fed. R. Evid. 702. *See* Fed. R. Evid. 702; *Daubert v. Merril Dow Pharms., Inc.*, 509 U.S. 579, 589-91 (for expert testimony to be admissible under Rule 702, the proponent of the testimony must show that it is reliable and would assist the trier of fact in understanding the evidence at issue in the case); *see also* C. Mueller & L. Kirkpatrick, Federal Evidence § 261 at 708 (1994 & Supp. 2001) (expert

testimony that touches on an ultimate issue "remains excludable, not because it directly touches the ultimate issues, but because it is not helpful. And FRE 704 is not an open sesame to all opinion."). Indeed, the Seventh Circuit has made clear that "expert testimony as to legal conclusions that will determine the outcome of the case is inadmissible." *See Good Shepherd Manor Found., Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003) (affirming rejection of purported expert testimony where testimony was "largely on purely legal matters and made up solely of legal conclusions, such as conclusions that the [defendant's] actions violated the FHAA"). Kuehn's purported expert opinion is a textbook example of the sort of legal interpretations and conclusions that are inadmissible under Fed. R. Evid. 702.

*Aleksic* is instructive. In *Aleksic*, plaintiffs moved to strike a declaration submitted by defendant's expert which included such purported opinions as: (1) "[defendant] complied with the FCRA," (2) "[n]othing in the FCRA obligates a CRA to investigate whether the user has all required licenses," (3) "[defendant] had 'reason to believe' the Named Lenders to which [defendant] sold the reports had a permissible purpose," and (4) "[defendant] had reasonable procedures to verify the identities of the Named Lenders." *See Aleksic v. Clarity Servs., Inc.*, 2015 U.S. Dist. LEXIS 88853, *14-15 (N.D. Ill. July 8, 2015)  The district court struck the testimony, reasoning that "[p]urported expert testimony on these points is inherently unhelpful, as it 'does little more than tell the jury what result to reach.'" *See id.* at *16 (quoting *Dahlin v. Evangelical Child & Family Agency*, 2002 U.S. Dist. LEXIS 24558, at *3 (N.D. Ill. Dec. 18, 2002)). Similarly here, Kuehn's opinion that "Experian maintained and implemented reasonable procedures to comply with the permissible purposes restriction contained in Section 1681(b) of the FCRA" because Experian's procedures complied with industry practice and FTC guidelines does nothing more than instruct the jury that Experian cannot be held liable for the claimed

3

violations of the FCRA. "This constitutes an improper attempt to usurp the power of the court to determine the law and instruct the jury as to same and as such Kuehn should be barred from providing expert testimony at any hearing or trial. *See Aleksic v. Clarity Servs., Inc.*, 2015 U.S. Dist. LEXIS 88853, *18-19 (N.D. Ill. July 8, 2015) ("the interpretation of statutes and regulations is . . . off-limits for experts because it is the province of the judge to determine the law") (citing *Bammerlin v. Navistat Int'l Transp. Corp.,* 30 F.3d 898, 900 (7th Cir. 1994) ("The meaning of federal regulations is not a question of fact, to be resolved by the jury after a battle of experts. It is a question of law, to be resolved by the court.")); *see also Panter v. Marshall Field & Co.*, 646 F.2d 271, 293 n. 6 (7th Cir. 1981) ("it is not for witnesses to instruct the jury as to applicable principles of law, but the judge").

    II.    THE BASIS AND REASONS FOR KUEHN'S OPINION ARE NOT SUFFICIENTLY DISCLOSED.

Under Rule 26(a)(2), a party that intends to rely upon an expert witness' testimony is required to furnish by a date set by the district court a report containing, among other information, "a complete statement of all opinions" the retained expert will provide; "the basis and reasons for them;" and "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B); *see also Jenkins v. Bartlett*, 487 F.3d 482, 487 (7th Cir. 2007); *Keach v. U.S. Trust Co.*, 419 F.3d 626, 639 (7th Cir. 2005). Failure to comply with Rule 26(a)(2)'s requirements results in the following sanction: the offending party is not allowed to introduce the expert witness' testimony as "evidence on a motion, at a hearing, or at a trial." Fed. R. Civ. P. 37(c)(1); *Jenkins*, 487 F.3d at 488. This sanction is "automatic and mandatory" unless the offending party can establish "that its violation of Rule 26(a)(2) was either justified or harmless." *Keach*, 419 F.3d at 639 (quoting *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (internal quotations omitted)).

Expert reports "must contain all information relating to 'how' and 'why' the expert reached the conclusions and opinions contained within the report." *Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 741 n.6 (7th Cir. 1998). Indeed, the basis and reasons for an expert's conclusions are "the very heart of an expert disclosure." *Chappel v. SBC-Ameritech*, 2007 U.S. Dist. LEXIS 51133, *7 (N.D. Ill. July 13, 2007). Here, Kuehn opines that the procedures Experian designed, implemented, and maintained to limit the furnishing of consumer reports to those with a permissible purpose are: (1) consistent with industry standards and practice, (2) consistent with the experience and understanding Kuehn obtained during her tenure at the FTC, and (3) otherwise reasonable based on her knowledge of the industry. *See* Kuehn Expert Report p. 16. Kuehn similarly opines that Experian's reliance on its agent Tranzact, to monitor and oversee subscribers with respect to the delivery of prescreened lists is: (1) consistent with industry standards and practice, (2) consistent with the experience and understanding Kuehn obtained during her tenure at the FTC, and (3) otherwise reasonable based on her knowledge of the industry. *See id.* at 19. Kuehn, however, has not and cannot identify the bulk of the members who comprise the "industry" upon which she bases her opinion or the policies implemented by such members as this purportedly constitutes confidential knowledge developed during her time with the FTC and/or representing clients. *See* Kuehn Dep. Trans. 24:7-27:21 (barred from discussing nonpublic investigations undertaken by FTC), 31:13-21 (knowledge was developed during representation of clients and cannot disclose that knowledge without violating duties of loyalty and confidentiality). Who comprises the industry and what policies and procedures were implemented by same are essential to setting forth a sufficient foundation for the opinion rendered by Kuehn. The absence of this information leaves Plaintiff unable to sufficiently rebut the opinion proffered or determine whether a competing expert is necessary.

*See Walsh v. Chez*, 583 F.3d 990, 994 (7th Cir. 2009) ("The purpose of these [expert] reports is . . . . to convey the substance of the expert's opinion . . . so that the opponent will be ready to rebut, to cross-examine, and to offer a competing expert if necessary."). This failure to comply with the requirements of Rule 26(a)(2) mandates that Defendant be barred from introducing Kuehn's testimony.

WHEREFORE, Plaintiff, Quentin Crabtree, respectfully requests that this Court bar Defendant's expert Rebecca Kuehn from testifying at any hearing or trial of this matter, and for such other and further relief as this Court deems just.

Respectfully submitted,

**Dated:** April 3, 2018

**QUENTIN CRABTREE**

/s/ Joseph Messer, Esq.
Joseph Messer (IL 6200036)
Messer Strickler, Ltd.
225 W. Washington St., Suite 575
Chicago, IL 60602
(312)334-3442 (direct)
(312)334-3473 (fax)
jmesser@messerstrickler.com
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2018, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which will send notification of such filing to the attorneys of record.

/s/ Joseph S. Messer
Joseph S. Messer
IL # 6200036
Messer Strickler, Ltd.
225 W. Washington St. Ste. 575
312-334-3469
312-334-3473 (fax)
jmesser@messerstrickler.com
*Attorney for Plaintiff*
