IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QUENTIN CRABTREE, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>    Defendants. | Civil Action No. 16-cv-10706<br><br>Hon. Charles R. Norgle, Sr.<br><br>Hon. David Weisman |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
MOTION TO COMPEL EXPERT DEPOSITION FEES**

Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 26 and this Court's ancillary jurisdiction, respectfully moves this Court for an order compelling Plaintiff to pay $7,020.00 in expert fees associated with Rebecca E. Kuehn's appearance at and preparation for her expert deposition in this case. In support of this Motion, Experian states as follows:

    1.    On February 1, 2018, Experian designated its expert, Rebecca Kuehn.

    2.    On February 20, 2018, this Court entered an Order setting the deadline for Plaintiff to depose Experian's expert(s) by March 14, 2018. (*See* Dkt. 129.)

    3.    On February 21, 2018, Plaintiff provided notice of his desire to depose Ms. Kuehn under Federal Rule of Civil Procedure 30.

    4.    On March 14, 2018, Ms. Kuehn gave a deposition in this matter.

    5.    Under Federal Rule of Civil Procedure 26, Experian is entitled to reimbursement for its fees associated with Ms. Kuehn's deposition. *See* FED. R. CIV. P. 26(b)(4)(E) ("Unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the

expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A)[.]"); *see also LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, No. 08 C 0242, 2011 WL 5008425, at *4-5 (N.D. Ill. Oct. 20, 2011) ("Courts in this district have concluded that costs associated with the time spent preparing for a deposition are recoverable, as well as the time attending the deposition. . . . The basic proposition . . . 'is relatively straightforward—a party that takes advantage of the opportunity afforded by Rule 26(b) [ ] to prepare a more forceful cross—examination should pay the expert's charges for submitting to this examination.'") (alteration in original). *Se-Kure Controls, Inc. v. Vanguard Prod. Grp., Inc.*, 873 F. Supp. 2d 939, 954–57 (N.D. Ill. 2012) ("[U]nder Rule 26(b)(4)(E), compensating an expert for time spent in responding to discovery is mandatory.").

6. To that end, on April 12, 2018, Experian provided Plaintiff with an invoice, attached hereto as Exhibit A, detailing Ms. Kuehn's fees for preparing for and attending her March 14, 2018 deposition and requested that Plaintiff pay $7,020.00 of those fees ($7,198.33 in total fees less $172.33 in redacted, non-deposition related fees).

7. Plaintiff has refused to pay any of the expert fees associated with Ms. Kuehn's deposition. The justification Plaintiff has provided is that Plaintiff cannot afford to pay the fees and Plaintiff's belief that Ms. Kuehn's was designated in bad faith for the reasons outlined in Plaintiff's motion to strike her opinion. (Doc. 131.)

8. Pursuant to Local Rule 37.2, on May 8, 2018 counsel for Experian participated in a telephonic conference with Plaintiff's counsel, who confirmed that Plaintiff would continue to refuse to pay the fees associated with Ms. Kuehn's deposition.

9.       To help address Plaintiff's claimed inability to pay, Experian offered to waive the request for Plaintiff to pay Ms. Kuehn's fees if Plaintiff did not file a notice of appeal. On May 17, 2018, Plaintiff filed a notice of appeal.

10.     Notwithstanding Plaintiff's plea of poverty, Experian is entitled to its full $7,020.00 in expert fees associated with the deposition of Ms. Kuehn. *See Pudela v. Swanson*, No. 91 C 3559, 1993 WL 532546, at *2–3 (N.D. Ill. Dec. 20, 1993) ("Plaintiffs ask this court not to apply the mandatory fee provisions of Rule 26[] because manifest injustice would result. In support of that result, they argue that their financial resources are more limited than those of defendants . . . . Plaintiffs may have less financial resources than defendants, but they are not 'indigent' in the sense that the term is commonly used. On the facts before it, this court perceives no injustice in requiring them to pay the fees charged by their opponents' experts for time spent in testimony at deposition. . . . [A]n award of fees for deposition testimony is mandatory, regardless of whether the expert will testify at trial."); *Sampson v. Orkin Exterminating Co.*, 124 F.R.D. 631, 635 (N.D. Ind. 1989) ("[Plaintiffs] have failed to demonstrate that requiring the payment of the expert witness fees would amount to a 'manifest injustice'. Due to the complexity of this case, it should have been obvious to the plaintiffs and their attorneys that the preparation and trial of this case would be costly. . . . If the plaintiffs were operating under budget restrictions, Rule 26(b)(4)(A)(i) permitted the plaintiffs to obtain information about the defendant's trial experts without incurring deposition expenses. Since the plaintiffs chose to take the depositions of the expert witnesses, they cannot now avoid their obligation to pay the witness fees."); *Se-Kure Controls, Inc. v. Vanguard Prod.*

*Grp., Inc.*, 873 F. Supp. 2d 939, 957 (N.D. Ill. 2012) ("A finding of manifest injustice is rare and is granted only in extreme circumstances.").

11. Likewise, for the reasons stated in Experian's Response to Plaintiff's motion to bar Ms. Kuehn, she was a properly designated expert witness. (*See* Doc. 142.)

WHEREFORE, for the foregoing reasons, Defendant Experian Information Solutions, Inc. respectfully requests that this Court enter an order compelling Plaintiff to pay $7,020.00 in expert fees associated with Rebecca E. Kuehn's appearance at and preparation for her expert deposition in this case.

Dated: May 25, 2018

Respectfully submitted,

/s/ *Adam W. Wiers*
Adam W. Wiers
awwiers@jonesday.com
Christopher A. Hall
chall@jonesday.com
Jason Z. Zhou
jzhou@jonesday.com
JONES DAY
77 West Wacker
Chicago, IL 60601.1692
Telephone: +1.312.782.3939
Facsimile: +1.312.782.8585
*Counsel for Experian Information Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

/s/ *Jason Z. Zhou*
*Counsel for Experian Information Solutions, Inc.*